**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**CARDELL LIBBETT, 08-B-3139,**

                     **Plaintiff,**                 **09-CV-82A(Sr)**

**v.**

**SUPERINTENDENT OF ATTICA
CORRECTIONAL FACILITY,
SERGEANT COCHRAN and
R.N. HAWLEY,**

                     **Defendants.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #16.

By Decision and Order entered March 25, 2011, plaintiff was directed to show cause why this matter should not be dismissed as barred by the three year statute of limitations applicable to actions commenced pursuant to 42 U.S.C. § 1983. Dkt. #14. In issuing this Order, the Court noted that plaintiff's amended complaint corrected the date of the injury supporting his claim of inadequate medical treatment from "February 14 of 2006 or 2005 unsure of date" to January 18, 2005. Dkt. ##1 & 13. Attached to the amended complaint are medical records supporting the allegation that plaintiff's injury, *to wit,* a fractured thumb, was sustained on or about January 18, 2005, but that

he was not taken to the emergency room until January 31, 2005, and was not seen by an orthopaedic surgeon until February 21, 2005, at which time the surgeon opined that plaintiff "has an operative fracture that was not managed correctly or in a timely fashion." Dkt. #13, pp.25 & 27. Plaintiff commenced this action on January 20, 2009. Dkt. #1.

In response to the Court's Order to Show Cause, plaintiff explains that he failed to file suit in federal court earlier because his attorney in a state court action involving this incident mislead him as to the status of a settlement agreement and failed to file the federal court action. Dkt. #15. Plaintiff argues that defendants cannot claim that they are prejudiced by the filing of this federal court action because they were aware of his claims as a result of the timely state court action. Dkt. #15. Plaintiff also states that he was not aware of his damages until August 6, 2007, when he was diagnosed with arthritis and required a cortizone injection in his thumb. Dkt. #15.

As set forth in the Court's prior Decision and Order, a section 1983 claim is governed by New York's three-year statute of limiations for personal injury actions, as well as the state's tolling rules. *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001). "The claim accures when the plaintiff knows or has reason to know of the harm." *Id.* In the instant case, the date of accrual can be no later than February 21, 2005, when the surgeon opined that plaintiff "has an operative fracture that was not managed

correctly or in a timely fashion." Dkt. #13, p. 27. Thus, the filing of his complaint on January 20, 2009 is untimely.

Plaintiff has not provided the Court with any facts to suggest that the statute of limitations should be tolled, as provided by New York's Civil Practice Law and Rules. *See Jewell v. County of Nassau*, 917 F.2d 738, 740 n.1 (2d Cir. 1990). Moreover, equitable tolling does not apply where plaintiff has commenced a timely state court action based upon the same facts as his federal claim. *See Wallace v. Kato*, 549 U.S. 384, 396 (2007) (rejecting dissent's suggestion that equitable tolling should apply where the facts of a § 1983 claim are being pursued in state court); *Bd. of Regents v. Tomanio*, 446 U.S. 478, 486 (1980) (New York does not toll time for filing a cause of action while litigant pursues a related, but independent cause of action). Accordingly, it is recommended that plaintiff's complaint be dismissed with prejudice as barred by the statute of limitations.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this

Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). <u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

DATED: Buffalo, New York
January 14, 2013

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**